UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Tony Galloway, | C/A No. 4:10-2039-RBH-TER |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Tom Johnson, *Sheriffs Home Det Officer*;<br>Jennifer Deshong, *Sheriffs Home Det Officer*;<br>Phillip Thompson, *Horry County Sheriff*;<br>Candice Lively, *Horry County Solicitor Office*;<br>Capt. Susan Stafford, *Horry County Det Classification*;<br>Allen Large, *Det Horry County Police*, | |
| Defendants. | |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the J. Reuben Long Detention Center in Conway, South Carolina. The J. Reuben Long Detention Center is the detention center for Horry County. The complaint indicates that the plaintiff is awaiting trial on second-degree criminal sexual conduct. The plaintiff self-surrendered in September of 2009 and was placed on bond with a "GPS Bracelet." On March 25, 2010, the plaintiff was arrested for being drunk. The plaintiff states that he was at a camp site on private property. A South Carolina Circuit Judge revoked the plaintiff's bond on April 15, 2010. The plaintiff alleges that the prosecutor lied about the plaintiff's use of drugs and alcohol and

1

the possession of a weapon. The complaint contains other allegations pertaining to the plaintiff's criminal cases, his bonds, and information distributed to the media about the plaintiff's charges.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the plaintiff's claim of false arrest, *see Wallace v. Kato*, 549 U.S. 384 (2007), the above-captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[3] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the

---

[3]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc* 1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq*. (Westlaw 2009).

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[4] In fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g., Vasquez v. State*, Opinion No. 26852, ___ S.C. ___,

---

[4]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

___ S.E.2d ___ (S.C., Aug. 9, 2010); *Davie v. State*, 381 S.C. 601, 675 S.E.2d 416 (2009) (ineffectiveness from failure to communicate proposed plea deal: "Based on the foregoing, we find that counsel was deficient in failing to communicate the State's fifteen-year plea offer to Petitioner. Given that both Petitioner and plea counsel testified Petitioner would have accepted the fifteen-year offer, an offer that was twelve years less than what Petitioner received, we conclude Petitioner has proven that he was prejudiced by counsel's deficient performance."); *Lounds v. State*, 380 S.C. 454, 670 S.E.2d 646 (2008) (finding that trial counsel ineffective); *Robinson v. State,* 380 S.C. 201, 669 S.E.2d 588 (2008)*; Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008); *Miller v. State*, 379 S.C. 108, 665 S.E.2d 596 (2008); *McKnight v. State*, 378 S.C. 33, 661 S.E.2d 354, 358-63 (2008); *Lowry v. State*, 376 S.C. 499, 510-11, 657 S.E.2d 760, 766 (2008) ("Because the unconstitutional jury instruction did not constitute harmless error in Petitioner's murder conviction, we find that there is a reasonable probability that, but for counsel's failure to object to the unconstitutional jury instruction, the outcome of the trial would have been different."); *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See*

*Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). In an application for post-conviction relief, an applicant can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

Insofar as her actions in the plaintiff's criminal case are concerned, Assistant Solicitor Lively is entitled to summary dismissal because of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. Art. V, § 24 (Westlaw 2010); and S.C. Code Ann. § 1-7-310 (Westlaw 2010). Solicitors, who are elected by voters of a judicial circuit, hire and "fire" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538, (1985). Prosecutors, such as Assistant Solicitor Lively, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855, 861 (2009) ("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant"); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)

(prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992).

The plaintiff is not entitled to release from jail while he awaits trial. *Myers v. Pauling*, No. 95-820, 1995 U.S.Dist. LEXIS 7628, 1995 WL 334284 (E.D. Pa., June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983.").

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2010); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2010), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Hence, Sheriff Thompson is subject to summary dismissal.

The plaintiff is not entitled to damages for "Public Slanderism."[5] In this civil rights action, the plaintiff cannot obtain damages for defamation. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. *See Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and *Padgett v. Sun News*, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982). *See also* case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, *Medico v. Time, Inc.*, 643 F.2d 134, 137-140 (3rd Cir. 1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an organized crime group; *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and *Lee v. Dong-A Ilbo*, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

Moreover, since the plaintiff discloses that he was arrested pursuant to a warrant when he self-surrendered, he does not raise a valid claim of false arrest. To state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield*

---

[5]"Slander" usually refers to acts of defamation that are made "by oral expressions or transitory gestures[,]" while "libel" refers to acts of defamation that are expressed "by print, writing, pictures, or signs." *See Black's Law Dictionary* (5th edition, 1979), at pages 824 and 1244.

*v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Moreover, the plaintiff has not raised a valid claim of malicious prosecution because the charge has not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13726 and 13799, 2010 WL 565303, *3 (D.S.C., Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature."), which cites *Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 U.S. Dist. LEXIS 8974, 2008 WL 355515 (S.D.N.Y., Feb. 7, 2008) (holding in *Wallace v. Kato* applies only to claims of false arrest and holding in *Heck v. Humphrey* still applies to claims of malicious prosecution):

> In addition to his false arrest claim, Jovanovic also brings claims for malicious abuse of process, denial of a fair trial, and various claims against the City of New York.[FN3] Defendants urge that the logic of Wallace-requiring a petitioner to bring a false arrest claim before the conclusion of the underlying criminal case-controls the statute of limitations on Jovanovic's other claims, as well. This is surely a misreading of Wallace. Accepting this argument yields immunity for the Defendants on claims entirely unrelated to the false arrest, a result neither contemplated nor intended by Wallace.
>
> > [FN3. Jovanovic also makes a claim for malicious prosecution, but Defendants concede that the malicious prosecution claim survives this motion. Def. Memo. at 1; *see also Wallace*, 127 S.Ct. at 1096 ("unlawful detention forms part of the damages for the '*entirely distinct*' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process")

(first emphasis added) (citation omitted). ]

The Supreme Court explained in *Wallace* that the petitioner was seeking an unwarranted extension of the Supreme Court's earlier decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), by seeking to apply the Heck rule to claims of false arrest.[FN4] *See Wallace*, 127 S.Ct. 1097-99. The Court refused to grant the extension. *Id*. *Wallace* deals extensively with the *Heck* decision and the interaction of its holding and the false arrest claim, but *Wallace* clearly leaves the general rule of *Heck* undisturbed. *Id*. *Wallace*'s determination of when a false arrest claim accrues did not alter the *Heck* decision in any respect with regard to other § 1983 claims. Indeed, Justice Scalia, who authored both opinions, gives no indication whatsoever that the decisions are at odds with each other; instead, he specifically distinguishes the accrual of the false arrest claim from the accrual of the claim of malicious prosecution. *Wallace*, 127 S.Ct. at 1096.

[FN4. In 1994, the Supreme Court held in *Heck v. Humphrey* that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90.]

Defendants' argument that the logic and reasoning of *Wallace* subsumes the earlier decision in *Heck* is specious. *Wallace* is limited to false arrest claims. It is true that *Wallace* refused to apply the rule of *Heck* to false arrest claims, but in all other respects, *Heck* remains undisturbed and still controls Jovanovic's other § 1983 claims. Other federal courts considering the same arguments have come to the same conclusion. *See Doswell v. City of Pittsburgh*, No. 07 Civ. 761(DWA), 2007 WL 2907886, at *2 (W.D.Pa. Oct. 2, 2007) (finding that although a false arrest claim was time-barred under *Wallace*, the Court "reject[ed] Defendants' attempt to read *Wallace* so expansively as to apply [it to] the remainder of the § 1983 claims predicated upon malicious prosecution, fabrication of evidence, perjured testimony, and the like"); *Cleary v. County of Macomb*, No. 06 Civ. 15505(PJD), 2007 WL 2669102, at *7-8 (E.D.Mich. Sep. 6, 2007) (holding that the plaintiff's § 1983 claims-other than claims for false arrest and false imprisonment-were not time-barred under *Wallace*, but rather, accrued on the date that charges were dismissed).

> Therefore, Jovanovic's false arrest claim is time-barred, but there is
> no need to change the Court's prior ruling on his remaining claims.

*Jovanovic v. City of New York*, 2008 U.S. Dist. LEXIS 8974, 2008 WL 355515 at *2 - *3.

Since a South Carolina Circuit Judge revoked the plaintiff's bond, the plaintiff's classification and custody level within the J. Reuben Long Detention Center do not support a cognizable federal constitutional claim. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); and *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]. In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments or detention centers are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 & n.1 (4th Cir. 1984) (collecting cases).[6] *Cf*. *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

---

[6]Since the plaintiff is a pre-trial detainee, his claims are evaluated under the Fourteenth Amendment, not the Eighth Amendment. *Cf. Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

September 16, 2010  
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).